IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARVIN ISEKE, ALICE UBANDO, SHIRLEY ANN LESSARY, | ) ) ) | CV 15-00193 LEK-RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFFS' APPEAL FROM MAGISTRATE
JUDGE'S MAY 26, 2016 ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION TO FILE AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before the Court is pro se Plaintiffs Marvin Iseke,

Alice Ubando, and Shirley Ann Lessary's (collectively

"Plaintiffs") Appeal from Magistrate Judge's May 26, 2016 Order

Granting in Part and Denying in Part Plaintiffs' Motion to File

Amended Complaint for Declaratory and Injunctive Relief

("Appeal"), filed on June 24, 2016.  [Dkt. no. 55.]  Defendant

the City and County of Honolulu ("Defendant" or "the City") filed

its memorandum in opposition on July 11, 2016, and Plaintiffs

filed their reply on July 28, 2016.[1]  [Dkt. nos. 58, 59.]  The

_____

[1] The Court notes that Plaintiffs name the United States
Department of Housing and Urban Development as a defendant in the
instant matter ("HUD"), but HUD has not been served and is
therefore not a proper party to the instant dispute at this time.
See, e.g., Gill v. Waikiki Lanai, Inc., Civil No. 10-00557 LEK-
RLP, 2011 WL 3648772, at *5 (D. Hawai`i Aug. 18, 2011) ("A
federal court is without personal jurisdiction over a defendant
unless the defendant has been served in accordance with Fed. R.
(continued...)

Court finds this matter suitable for disposition without a

hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice

of the United States District Court for the District of Hawai`i

("Local Rules").  After careful consideration of the Appeal,

supporting and opposing memoranda, and the relevant legal

authority, Plaintiffs' Appeal is HEREBY DENIED for the reasons

set forth below.

**BACKGROUND**

The relevant factual and procedural background of this

case is familiar to the parties, and the Court will only discuss

the issues relevant to the Appeal.  On April 18, 2016, Plaintiffs

filed their Motion for Leave.  The magistrate judge took the

motion non-hearing, and on May 26, 2016, he issued an order

granting in part and denying in part the Motion for Leave

("5/26/16 Order").  [Dkt. no. 43.]  On June 3, 2016, Plaintiffs

filed a motion for reconsideration of the 5/26/16 Order

("Reconsideration"), which the magistrate judge denied on

June 13, 2016 ("6/13/16 Order").  [Dkt. nos. 44, 51.]  Plaintiffs

filed their Amended Complaint for Declaratory and Injunctive

---

[1](...continued)
Civ. P. 4." (internal quotation marks omitted) (citing Travelers
Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir.
2009))).  Plaintiffs have stated that they intend to serve HUD
after filing their amended complaint.  [Motion to File Amended
Complaint for Declaratory and Injunctive Relief and Memorandum of
Law in Support ("Motion for Leave"), filed 4/18/16 (dkt. no. 38),
at 4.]

Relief ("Amended Complaint") on June 6, 2016.  [Dkt. no. 47.]

Plaintiffs bring the instant Appeal pursuant to Local Rule 74.1.

As the magistrate judge explained in the 5/26/16 Order,

the Motion for Leave sought

> to amend [the] Complaint to add as a defendant
> Mayor Kirk Caldwell in his official capacity and
> to assert seven [new] claims:  (1) [National
> Environmental Policy Act ("NEPA"), 42 U.S.C.
> § 4321, *et seq.*] violations against all
> Defendants; (2) [Hawai`i Environmental Policy Act
> ("HEPA"), Haw. Rev. Stat. Chapter 343,] violations
> against all Defendants; (3) misuse of [HUD
> Community Development Block Grant ("CDBG")] funds
> against Defendant City and Mayor Caldwell;
> (4) violations of the Administrative Procedures
> Act ("APA")[, 5 U.S.C. § 500 *et seq.*,] and NEPA
> against Defendant HUD; (5) violations of the Oahu
> General Plan and Ko`olau Loa Sustainable
> Communities Plan against all Defendants;
> (6) violations of procedural due process under the
> United States Constitution against all Defendants;
> and (7) violations of procedural due process under
> the Hawaii State Constitution against all
> Defendants.

[5/26/16 Order at 3.]  The magistrate judge granted the Motion to

Leave insofar as it sought to add claims for:  NEPA violations

against the City and HUD; and violations of the APA and NEPA

against HUD.  [Id. at 21.]  The magistrate judge denied the

Motion for Leave insofar as it sought to add any other new

claims.  [Id.]

Plaintiffs argue that the 5/26/16 Order should have

been in the form of a findings and recommendation because it is

dispositive in nature, and that the magistrate judge erred in

finding that:  (1) there is no private right of action under the

Housing and Community Development Act ("HCDA"), 42 U.S.C.

§ 5304(a); (2) there is no private right of action under the

Ko`olau Loa Sustainable Communities Plan and O`ahu General Plan;

and (3) Plaintiffs' due process claims, under both the United

States Constitution and the Hawai`i State Constitution, are time-

barred.  [Appeal at 3-4.]  The City argues that the 5/26/16 Order

was nondispositive, and that the magistrate judge's rulings were

correct.  [Mem. in Opp. at 2.]

## **STANDARD**

This district court has stated:

> A magistrate judge's jurisdiction to enter an
> order, rather than to issue recommendations to the
> district court, is dependent on whether the matter
> before the magistrate judge is characterized as
> dispositive or nondispositive of a claim or
> defense of a party.  See 28 U.S.C. § 636(b)(1);
> see also Fed. R. Civ. P. 72.  If the matter is
> nondispositive, then, under § 636(b)(1)(A) and
> Rule 72(a) of the Federal Rules of Civil
> Procedure, the magistrate judge may properly enter
> an order disposing of the matter.  A magistrate
> judge's order regarding nondispositive matters may
> be reversed by the district court judge only when
> it is "clearly erroneous or contrary to law."  28
> U.S.C. § 636(b)(1)(A); see Fed. R. Civ. P. 72(a).
> However, if the dispute is over a dispositive
> matter, then the magistrate judge has authority to
> enter findings and recommendations.  Objections to
> the magistrate judge's findings are reviewed de
> novo.  28 U.S.C. § 636(b)(1)(c); see Fed. R. Civ.
> P. 72(b).
>
> Nondispositive matters are those "pretrial
> matter[s] not dispositive of a party's claim or
> defense." Fed. R. Civ. P. 72(a).  In contrast, a
> dispositive matter involves the determination of
> the merits of the case or is critical in shaping
> the nature of the litigation.  Kiep v. Turner, 80

> B.R. 521, 523-24 (D. Haw. 1987).  The court must
> look to the "effect of the motion" to determine
> whether it is dispositive or nondispositive of a
> claim or defense of a party.  United States v.
> Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir.
> 2004) (internal citations omitted).

JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08-00419 SOM/LEK, 2009 WL 3818247, at *2 (D. Hawai`i Nov. 12, 2009).

This district court has also articulated a standard for reviewing a magistrate judge's rulings on nondispositive matters:

> The threshold of the "clearly erroneous" test
> is high.  See Boskoff v. Yano, 217 F. Supp. 2d
> 1077, 1084 (D. Haw. 2001).  The magistrate judge's
> factual findings must be accepted unless the court
> is "left with the definite and firm conviction
> that a mistake has been committed."  United States
> v. Silverman, 861 F.2d 571, 576-[77] (9th Cir.
> 1988).  "The reviewing court may not simply
> substitute its judgment for that of the deciding
> court."  Grimes v. City & Cnty. of S.F., 951 F.2d
> 236, 241 (9th Cir. 1991).
>
> "A decision is 'contrary to law' if it
> applies an incorrect legal standard or fails to
> consider an element of the applicable standard."
> Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D.
> 672, 674 (D. Haw. 2008); see Hunt v. Nat'l
> Broadcasting Co., 872 F.2d 289, 292 (9th Cir.
> 1989) (noting that such failures constitute abuse
> of discretion).

Himmelfarb v. JP Morgan Chase Bank, Nat'l Ass'n, CV. No. 10-00058 DAE-KSC, 2011 WL 4498975, at *2 (D. Hawai`i Sept. 26, 2011).

## **DISCUSSION**

Plaintiffs are proceeding pro se, and the Court must construe their filings liberally.  See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes

the [plaintiffs'] filings because they are proceeding pro se."

(citing <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987))).

**I.      <u>Proper Standard of Review of the 5/26/16 Order</u>**

Plaintiffs argue that the Court should review the

5/26/16 Order de novo.  [Appeal at 4-7.]   While Plaintiffs cite

a number of cases to support their position, the cited cases are

all from other district courts, many of which are outside of the

Ninth Circuit.[2]  In this district court:

> "A motion for leave to amend is a
> nondispositive motion which a magistrate judge may
> properly decide." <u>Seto v. Thielen</u>, 519 Fed. Appx.
> 966, 969 (9th Cir. 2013).  The [magistrate judge's]
> order ruling on plaintiff's motion to amend] was
> "not dispositive of any claim or defense of a
> party."  Fed. R. Civ. P. 72(a).  Rather, the
> [magistrate judge's order] merely determined that
> Plaintiff could not amend his Complaint, but
> allowed all of Plaintiff's substantive claims
> outlined in his original Complaint to proceed.  By
> denying Plaintiff leave to file his Proposed
> Amended Complaint, the [magistrate judge's order]
> was not dispositive of any of Plaintiff's claims
> or defenses.  <u>Id.</u>

<u>Suzuki v. Helicopter Consultants of Maui, Inc.</u>, CIVIL NO. 13-

00575 JMS/KJM, 2016 WL 3753079, at *5 (D. Hawai`i July 8, 2016).

The Court therefore FINDS that the magistrate judge properly

---

[2] <u>See</u> Appeal at 4-7 (citing <u>Shared Memory Graphics, LLC v. Apple Inc.</u>, No. C 10-2475 MMC, 2011 WL 5320749 (N.D. Cal. Nov. 2, 2011); <u>Gossett v. Stewart</u>, No. CV 08-2120-PHX-DGC (ECV), 2009 WL 3379018 (D. Ariz. Oct. 20, 2009); <u>Mueller Co. v. U.S. Pipe & Foundry Co.</u>, 351 F. Supp. 2d 1, 2 (D.N.H. 2005); <u>McCormick v. City of Lawrence</u>, No. 02-2135-JWL, 2003 WL 158704 (D. Kan. Jan. 17, 2003); <u>HCC, Inc. v. R H & M Mach. Co.</u>, 39 F. Supp. 2d 317 (S.D.N.Y. 1999); <u>Covington v. Kid</u>, No. 94 Civ. 4234(WHP), 1999 WL 9835 (S.D.N.Y. Jan. 7, 1999)).

entered an order that disposed of a nondisposistive matter, and

the Court will review the 5/26/16 Order to determine whether or

not the magistrate judge's findings were clearly erroneous and

whether his conclusions were contrary to law.

## II.  Plaintiffs' Appeal of the 5/26/16 Order

First, the Court notes that Plaintiffs allege that the

5/26/16 Order made an error of law with regard to whether or not

there is a private right of action under the HCDA, O`ahu General

Plan, and Ko`olau Loa Sustainable Communities Plan.  The Appeal

does not argue that the Court reached a clearly erroneous finding

of fact with regard to these claims.  With respect to Plaintiffs'

arguments regarding private rights of action, the Court will

review the 5/26/16 Order to determine whether or not it is

contrary to law.  See Himmelfarb, 2011 WL 4498975, at *2

(citations omitted).

With respect Plaintiffs' due process claims under both

the United States Constitution and the Hawai`i State

Constitution, while not entirely clear, it is possible that

Plaintiffs allege that the magistrate judge made both a factual

error and legal error.  The Court will therefore review the

magistrate judge's conclusions to determine if they are clearly

erroneous or contrary to law.  See id.

## A.    <u>The HCDA and a Private Right of Action</u>

The magistrate judge concluded that § 5304(a)(3) of the

HCDA does not create a private right of action.  [5/26/16 Order

at 10-11.]  Plaintiffs argue that the magistrate judge's

interpretation "turns the meaning of its substantive and detailed

citizen participation requirement on its head."  [Appeal at 10.]

The City argues that the magistrate judge was correct because

"[t]he statute . . . lacks explicit rights-creating terms and is

also phrased in terms of the person regulated as opposed to any

protected class of persons."  [Mem. in Opp. at 6.]

> 42 U.S.C. § 5304(a)(3) states,
>
> A grant under section 5306 of this title may be
> made only if the grantee certifies that it is
> following a detailed citizen participation plan
> which –
>
>> (A) provides for and encourages citizen
>> participation, with particular emphasis on
>> participation by persons of low and moderate
>> income who are residents of slum and blight
>> areas and of areas in which section 106 [42
>> U.S.C.A. § 5306] funds are proposed to be
>> used, and in the case of a grantee described
>> in section 5306(a) of this title, provides
>> for participation of residents in low and
>> moderate income neighborhoods as defined by
>> the local jurisdiction;
>>
>> (B) provides citizens with reasonable and
>> timely access to local meetings, information,
>> and records relating to the grantee's
>> proposed use of funds, as required by
>> regulations of the Secretary, and relating to
>> the actual use of funds under this chapter;
>>
>> (C) provides for technical assistance to
>> groups representative of persons of low and

> moderate income that request such assistance
> in developing proposals with the level and
> type of assistance to be determined by the
> grantee;
>
> (D) provides for public hearings to obtain
> citizen views and to respond to proposals and
> questions at all stages of the community
> development program, including at least the
> development of needs, the review of proposed
> activities, and review of program
> performance, which hearings shall be held
> after adequate notice, at times and locations
> convenient to potential or actual
> beneficiaries, and with accommodation for the
> handicapped;
>
> (E) provides for a timely written answer to
> written complaints and grievances, within 15
> working days where practicable; and
>
> (F) identifies how the needs of non-English
> speaking residents will be met in the case of
> public hearings where a significant number of
> non-English speaking residents can be
> reasonably expected to participate.
>
> This paragraph may not be construed to restrict
> the responsibility or authority of the grantee for
> the development and execution of its community
> development program.

In Gonzaga University v. Doe, the Supreme Court of the United

States explained that "we have held that the question whether

Congress intended to create a private right of action is

definitively answered in the negative where a statute by its

terms grants no private rights to any identifiable class."  536

U.S. 273, 283-84 (2002) (alterations, citations, and internal

quotation marks omitted).  The Supreme Court continued, "[f]or a

statute to create such private rights, its text must be phrased

in terms of the persons benefitted," and, "even where a statute

is phrased in such explicit rights-creating terms, a plaintiff

suing under an implied right of action still must show that the

statute manifests an intent to create not just a private right

but also a private remedy." Id. (emphasis, citations, and

internal quotation marks omitted).

        Here, the magistrate judge correctly applied this

standard, and concluded:

>        The test of Section 5304(A)(3)(A)-(F) generally
>        refers only to "citizens" and the statute itself
>        is focuses on the requirements placed on the
>        grantee receiving HUD funding.  See 42 U.S.C.
>        § 5304(a)(3).  Even where the statute is more
>        specific about certain groups, such as "persons of
>        low and moderate income who are residents of slum
>        and blight areas," it is in the context of
>        providing guidance to the grantee regarding who
>        should be encouraged to participate in its public
>        proceedings.  See 42 U.S.C. § 5304(a)(3)(A).  The
>        statute therefore lacks explicit rights-creating
>        terms and is also phrased in terms fo the person
>        regulated as opposed to any protected class of
>        persons.

[5/26/16 Order at 11.]  In addition, the magistrate judge called

attention to 42 U.S.C. § 5311, which provides the HUD Secretary

with the authority to respond to violations of the statute.

[5/26/16 Order at 11-12.]  Although Plaintiffs submit that the

magistrate judge failed to consider the Ninth Circuit's decision

in Price v. City of Stockton, 390 F.3d 1105 (9th Cir. 2004),

[Appeal at 10 ("The Magistrate Judge omitted discussion of

analogous Ninth Circuit case law."),] the failure to do so does

not undermine the magistrate judge's decision.  In Price, the

Ninth Circuit concluded that the section of the HCDA in question,

42 U.S.C. § 5304(d)(2)(A), "unambiguously establishes an

individual right to 'reasonable benefits,'" and "spell[s] out the

content of this right in detailed and specific terms that are

further clarified by implementing regulations."  390 F.3d at

1114.  The Ninth Circuit therefore held that "the rights asserted

by [the p]laintiffs are not so vague and amorphous as to

frustrate judicial enforcement," and "the terms of the relevant

provision are clearly mandatory rather than precatory or merely

hortatory."  Id.  In the instant case, section 5304(a)(3) does

not consist of "detailed and specific terms," and Plaintiffs do

not allege that these terms "are further clarified by implemented

regulations."  See id.  The 5/26/16 Order was correct in finding

that there is no private right of action under § 5304(a)(3) of

the HCDA.

**B.    The O`ahu General Plan, Ko`olau Loa Sustainable Communities Plan, and a Private Right of Action**

The magistrate judge concluded that neither the O`ahu

General Plan nor the Ko`olau Loa Sustainable Communities Plan

provide for a private right of action.  Plaintiffs argue that

both plans "have the force and effect of law" and that they "may

enforce them."  [Appeal at 11.]  Under Hawai`i law, the Court

applies "three factors in determining whether a statute provides

a private right of action":  (1) "whether the plaintiff is one of

the class for whose especial benefit the statute was enacted;

that is, does the statute create a right in favor of the

plantiff"; (2) "whether there is any indication of legislative

intent, explicit or implicit, either to create such a remedy or

to deny one"; and (3) "whether it [is] consistent with the

underlying purposes of the legislative scheme to imply such a

remedy for the plaintiff."  Alaka`i Na Keiki, Inc. v. Matayoshi,

127 Hawai`i 263, 285, 277 P.3d 988, 1010 (2012) (alterations,

citations, and internal quotation marks omitted).  It is clear to

the Court that the magistrate judge considered and correctly

applied these factors in concluding that:  (1) "both [p]lans, by

their express language, lack regulatory force"; (2) "the plain

language of the [p]lans contains no discussion of substantive

rights"; and (3) "[t]he precatory language in both [p]lans is

further qualified by statements that the policies contained in

the plan will be implemented through orders and regulations,

which is not illustrative of an intent to create any enforceable

rules, let alone enforceable rights."  [5/26/16 Order at 14-15

(citations omitted).]

        Plaintiffs cite to two Hawai`i Supreme Court cases to

support their position, but these cases are easily

distinguishable.  In GATRI v. Blane, the Hawai`i Supreme Court

held that "[Haw. Rev. Stat.] § 205A-26(2)(C) provides in relevant

part that a [special management area ("SMA")] permit shall not be

approved unless the authority finds that "the development is consistent with general plan **and** zoning."  88 Hawai`i 108, 114, 962 P.2d 367, 373 (1998) (emphasis in original).  As such, the court concluded, "the county general plan does have the force and effect of law insofar as the statute requires that a development within the SMA must be consistent with the general plan."  Id. The issue was therefore not whether there was a private right of action under the general plan, but whether the general plan was enforceable vis-á-vis the statute governing applications for SMA permits.  In the second case, County of Hawai`i v. Ala Loop Homeowners, the Hawai`i Supreme Court held that article XI, section 9 of the Hawai`i State Constitution creates a private right of action to enforce Haw. Rev. Stat. Chapter 205.  123 Hawai`i 391, 408, 235 P.3d 1103, 1121 (2010).  Here, Plaintiffs do not allege that the state constitution creates a private right of action to enforce the O`ahu General Plan or the Ko`olau Loa Sustainable Communities Plan.  The 5/26/16 Order was correct in finding that there is no private right of action under the O`ahu General Plan or the Ko`olau Loa Sustainable Communities Plan.

C.    **Ongoing Violations of Procedural Due Process**

        Plaintiffs argue that they "allege ongoing violations with respect to the citizen participation requirements of the [HCDA] and the [NEPA]."  [Appeal at 14.]  According to Plaintiffs, "[s]uch allegations of ongoing violations are

13

sufficient to survive a motion challenging Plaintiffs' due process claims as untimely." [Id.]

Plaintiffs state that they were deprived of procedural due process because Defendant did not properly adhere to NEPA and the HCDA. [Motion for Leave, Exh. A ("Proposed Complaint"), at ¶¶ 172-79 (alleging a procedural due process claim under the United States Constitution), 180-86 (alleging a procedural due process claim under the Hawai`i State Constitution).] The Proposed Complaint states that the alleged violations of NEPA and the HCDA occurred during the 2009 Environmental Assessment ("2009 EA"), see ¶¶ 123-34 (describing NEPA violations with regard to the development of the 2009 EA), ¶¶ 135-53 (stating that the HCDA requires NEPA compliance, and that NEPA should have been satisfied before CDBG funds were disbursed). Even if Plaintiffs did not know about the 2009 EA when it was first published, the City asserts that "Plaintiffs knew of the basis of their due process claim by at least February 2010, when Plaintiffs sent letters to the City Council Regarding the fire station project." [Mem. in Opp. at 11.] Plaintiffs do not dispute this fact.

It is clear to the Court that the magistrate judge applied the correct two-year statute of limitations to Plaintiffs' due process claims. See Butler v. Cty. of Maui, Civil No. 13-00163 SOM/KSC, 2013 WL 1948039, at *2 (D. Hawai`i

May 8, 2013).[3]  Moreover, it is also clear that the magistrate judge's conclusion that "Plaintiffs do not allege any further due process violations occurred after 2009 that would illustrate a pattern of violations sufficient to support a finding of continuing violations," was not clearly erroneous or contrary to law.  [5/26/16 Order at 19 (some citations omitted) (citing Allen v. Iranon, 99 F. Supp. 2d 1216, 1238-39 (D. Hawai`i 1999)).]

## CONCLUSION

On the basis of the foregoing, Plaintiffs Marvin Iseke, Alice Ubando, and Shirley Ann Lessary's Appeal from Magistrate Judge's May 26, 2016 Order Granting in Part and Denying in Part Plaintiffs' Motion to File Amended Complaint for Declaratory and Injunctive Relief, filed June 24, 2016, is HEREBY DENIED.

IT IS SO ORDERED.

---

[3] In Butler, this district court stated:

> To the extent Butler may be asserting free speech claims in violation of § 1983 based on events earlier than May 2011, those claims are barred by the applicable two-year limitations period.  See Beckstram v. Read, 2012 WL 4490727 (D. Haw. Sept. 26, 2012) (applying two-year limitations period to § 1983 claim).  Accord Pele Defense Fund v. Paty, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions.").  To the extent Butler asserts similar claims under the Hawaii constitution, they are also barred by the two-year limitation period.  See Turner v. City & County of Honolulu, 2008 1847915, *4 (D. Haw. Apr. 24, 2008).

2013 WL 1948039, at *2.

DATED AT HONOLULU, HAWAII, AUGUST 31, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MARVIN ISEKE, ET AL. V. CITY AND COUNTY OF HONOLULU, ET AL., CV
15-00193 LEK-KSC; ORDER DENYING PLAINTIFFS' APPEAL FROM
MAGISTRATE JUDGE'S MAY 26, 2016 ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF