

**U.S. Department of Justice**

*United States Attorney*
*District of Hawaii*

PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850

(808)541-2850
FAX (808) 541-2958

January 26, 2017

The Honorable Leslie E. Kobayashi
United States District Court
300 Ala Moana Blvd C-338
Honolulu, HI 96850

> Re: Iseke v. City and County of Honolulu, Civil No. 15-00193 LEK RLP

Dear Judge Kobayashi:

On January 19, 2017, the Court requested that the United States Department of Housing and Urban Development ("HUD") submit a supplemental letter brief addressing two points: (1) whether, given the declaration of Marvin Iseke, HUD is still disputing sufficient service in the instant matter, and (2) if HUD takes the position that Plaintiffs have failed to comply with the requirements of rule 4, what is the appropriate remedy. As explained in this letter: (1) the Plaintiffs have still not completed service on HUD and (2) if the Court decides to enlarge Plaintiffs' time to effect service, it should impose a short, final deadline (i.e., within two weeks) by which Plaintiffs need to perfect service, and should state that failure to do so will result in dismissal of the claims against HUD.

### 1. Status of Service on HUD

As argued in its motion, in order to serve HUD, Plaintiffs must complete three specific steps: (1) service on the USAO, (2) service on the agency, and (3) service on the Attorney Generals' Office in Washington, DC. Fed. R. Civ. P. 4(i)(1). While Plaintiffs claim that these steps were completed by October 2016 (Iseke Declaration, ¶¶ 5-7), the records maintained by the U.S. Attorney's Office, HUD, and Attorney General's Office, are inconsistent with the statements in Plaintiffs' declaration.

- The USAO was served on August 29, 2016 with the Amended Complaint in its "proposed" form as an exhibit to Plaintiffs' Motion to Amended Complaint on or about August 29, 2016, and has never been served with the Amended Complaint in final version filed on June 6, 2016 (Dkt No. 47). This is not a distinction without a difference – they are substantively

different documents.

- Prior to HUD's motion, the HUD Honolulu Office had only received the Amended Complaint in proposed form, and not by certified or registered mail. Plaintiffs first served the Amended Complaint by certified mail on or about November 21, 2016. The package received by HUD on October 4, 2016 contained only Plaintiffs' Motion for Summary Judgement and its attachments.

- The Attorney General's Office has not received the Amended Complaint in any form. The AG's Office received two packages in October. The first contained Plaintiffs' First Request for Production of Documents to Defendant HUD, Plaintiffs' Motion for Extension of Time, and the Second Amended Complaint. The second contained Plaintiffs' Motion for Summary Judgment, and the attachments thereto.

Moreover, and significantly, there is no record that Plaintiffs have served either the USAO or the Attorney General's Office with a copy of the summons (Dkt. No. 7), as required by Fed. R. Civ. P. 4, despite Plaintiffs' statements to the contrary. In summary, the allegations in ¶¶ 5-7 of the Iseke Declaration are not consistent with the documents received by those agencies, nor are those allegations supported by the exhibits thereto (which only show that *something* was mailed on the dates listed).

Plaintiffs bear the burden of proving sufficiency of service. Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985). Unlike a private litigant, the United States simply cannot waive service of process. Torres v. Colvin, Civ. No. 13-02300 PHX LOA, 2014 WL 3747613, at *4 (D. Ariz. July 30, 2014) (citing Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010) ("The government cannot waive service of process."). The fact that Plaintiffs are proceeding *pro se* does not excuse their failure to comply with procedural rules. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993).

Additionally, Plaintiffs' claim that they were unaware of their failure to serve HUD until HUD's motion (Iseke Declaration, ¶ 10) is not accurate. Plaintiffs' failure to serve HUD was addressed by the Court in its August 31, 2016 Order, Dkt. No. 61 at p. 1 n. 1 ("The Court notes that Plaintiffs name [HUD] as a defendant in the instant matter ("HUD"), but HUD has not been served and is therefore not a proper party to the instant dispute at this time." (emphasis added). The matter was discussed by Plaintiffs in their Motion for Extension of Time to Extend

Deadlines and Modify the Case Management Order, filed September 26, 2016 (Dkt. No. 63), ¶¶ 3-5. The matter of service was even discussed at the initial Rule 16 Scheduling Conference on October 14, 2015. See Declaration of Robert Kohn, attached Dkt. No. 85 at PageID# 1067-68, ¶ 4 ("On October 14, 2015, Magistrate Judge Richard L. Puglisi held a Rule 16 Scheduling Conference that I attended, along with Plaintiffs Marvin Iseke and Alice Ubando. [HUD], although a named defendant, did not attend. I specifically recall that at the conference <u>Magistrate Judge Puglisi informed Plaintiffs that there were specific procedures that must be followed for serving the federal government.</u>") (emphasis added). Plaintiffs certainly should have been aware that HUD was not properly served as early as October 2015.

### 2. An Appropriate Remedy

The primary concerns of the HUD are two-fold: (1) that the United States cannot waive strict compliance with Fed. R. Civ. P. 4, and (2) that jumping into this case at a late juncture could prejudice HUD because the record has been shaped in so many ways without the participation of HUD. Under the circumstances and given the delay in perfecting service (at least eighteen months), HUD contends that dismissal is an appropriate remedy. If the Court finds otherwise, then HUD submits it should specify a short, final deadline by which Plaintiffs need to perfect service, and order that failure to do so will result in dismissal of the claims against HUD.

Very truly yours,

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

By  /s/ Michael F. Albanese
Michael F. Albanese
Assistant U.S. Attorney