FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Dec 29, 2017**
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
MARVIN ISEKE, ALICE UBANDO,   )   CV 15-00193 LEK-RLP
SHIRLEY ANN LESSARY,          )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
CITY AND COUNTY OF HONOLULU,  )
ET AL.,                       )
                              )
          Defendants.         )
_____)
```

### ORDER DENYING PLAINTIFFS' MOTION
### TO RECONSIDER COURT'S SEPTEMBER 20, 2017 ORDER

On September 20, 2017, this Court issued the Order: (1) Granting the City's Motion for Summary Judgment; (2) Denying Plaintiffs' Motion for Summary Judgment; (3) Denying the City's Motion to Strike as Moot; (4) Denying Plaintiffs' Motion for Injunctive Relief as Moot; and (5) Granting HUD's Second Motion to Dismiss ("9/20/17 Order"). [Dkt. no. 143.] On October 5, 2017, pro se Plaintiffs Marvin Iseke, Alice Ubando, and Shirley Ann Lessary ("Plaintiffs") filed a motion for reconsideration of the 9/20/17 ("Motion for Reconsideration"). [Dkt. no. 144.] Defendant City and County of Honolulu (the "City") and Defendant United States Department of Housing and Urban Development ("HUD," and collectively, "Defendants") each filed its memorandum opposition on October 23, 2017. [Dkt. nos. 146, 147.] Plaintiffs filed their reply on November 8, 2017. [Dkt. no. 148.] The Court has considered the Motion for

Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiffs' Motion for Reconsideration is denied for the reasons set forth below.

## **BACKGROUND**

The background of this matter is fully set forth in this Court's 9/20/17 Order. The 9/20/17 Order granted the City's motion for summary judgment on alleged violations of the National Environmental Policy Act ("NEPA"), finding no evidence that the City's decision-making process was arbitrary, capricious, an abuse of discretion, or contrary to law. [9/20/17 Order at 16-31.] The 9/20/17 Order also granted HUD's motion to dismiss because: 1) Count II was barred by sovereign immunity; and 2) Counts I and II failed to state a claim on which relief could be granted. [Id. at 31-39.] Plaintiffs now argue that reconsideration is appropriate because: 1) the Court's impartiality might reasonably be questioned; 2) the Court did not hear oral argument; 3) dismissal of Plaintiffs' claim against HUD was unfair because Plaintiffs had been denied leave to file a second amended complaint; and 4) the 9/20/17 Order misapplied the relevant law.

**STANDARD**

I. **Motion for Reconsideration**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawai`i May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).

Banks v. McHugh, Civil No. 11-00798 LEK-KSC, 2014 WL 5581326, at *1 (D. Hawai`i Oct. 31, 2014). "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006).

In order to justify reconsideration on the basis of newly-discovered evidence, the movant must show that the evidence "(i) is newly discovered; (ii) could not have been discovered through due diligence; and (iii) is of such a material and controlling nature as will probably change the outcome." United States v. Tanoue, 165 F.R.D. 96, 97 (D. Hawai`i 1995) (citing

3

Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987)), *aff'd* 94 F.3d 1342 (9th Cir. 1996).

## II. Recusal

28 U.S.C. § 455 states in pertinent part:

(a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)  He shall also disqualify himself in the following circumstances:

> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

This Court has stated:

> "The goal of section 455(a) is to avoid even the appearance of partiality." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988) (citation and quotation marks omitted). The Ninth Circuit has stated:
>
>> Proof of actual bias is not required under § 455(a).  Instead, bias should "be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).  "It is well established that the recusal inquiry must be made from the perspective of a reasonable observer who is informed of all surrounding facts and circumstances." Cheney v. U.S. Dist. Ct., 541 U.S. 913, 924, 124 S. Ct. 1391, 158 L. Ed. 2d 225 (2004) (emphasis and internal quotation marks omitted).
>
> In re Marshall, 721 F.3d 1032, 1041 (9th Cir. 2013) . . . .

Barker v. Gottlieb, Civil No. 13-00236 LEK-BMK, 2014 WL 6984219, at *2 (D. Hawai`i Dec. 10, 2014). This district court has stated:

> "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted).[1] The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Id. at 913 (quotations omitted).

Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2014 WL 4199340, at *1 (D. Hawai`i Aug. 22, 2014) (some alterations in Pregana).

## **DISCUSSION**

Plaintiffs criticize the 9/20/17 Order as "mostly just lots of quotes from prior cases." [Motion for Reconsideration at 6.] Plaintiffs also believe that their concerns "don't matter to the judicial system . . . . Not a word of ours was taken into

---

[1] Pesnell was abrogated on other grounds by Simmons v. Himmelreich, 136 S. Ct. 1843 (2016).

serious consideration." [Reply at 7.[2]] Plaintiffs' arguments are taken seriously and considered in light of the rule of law established by prior cases. The United States Supreme Court has stated that fidelity to its own precedent is fundamental to "a society governed by the rule of law." Akron v. Akron Ctr. for Reproductive Health, Inc., 462 U.S. 416, 420 (1983), *overruled on other grounds by*, Planned Parenthood of Se. Penn. v. Casey, 505 U.S. 833 (1992). Moreover, this Court must follow the law as set forth in the cases of the Ninth Circuit and the Supreme Court. See Ky Minh Pham v. Hickman, 262 Fed. App'x 35, 38 (9th Cir. 2007) ("[I]n the absence of Supreme Court law, [a district court] is bound to follow Ninth Circuit precedent."). Plaintiffs assert that the federal courts do not provide justice, but "protect the [bad] Mayor and say everything that the city does is legal." [Motion for Reconsideration, Decl. ("Joint Decl.") at ¶ 20.[3]] Plaintiffs further assert that they "never stood a chance in this case because Judge Leslie Kobayashi appears to be a good friend of Mayor Kirk Caldwell," and in support, attach photos of this Court presiding over the Mayor's swearing-in ceremony. [Id. at ¶ 5; id., Exh. B.] These portions of the Motion for

---

[2] Plaintiffs' Reply contains no page numbers. The citation to the Reply refers to the page numbers in this district court's electronic case filing system.

[3] Plaintiffs' Declaration is a joint declaration of Marvin Iseke, Alice Ubando, and Shirley Ann Lessary.

6

Reconsideration will be construed as a motion for recusal under 28 U.S.C. § 455.  See Barker, 2014 WL 6984219, at *2 n.7 (construing pro se motion for recusal under § 455 where it lacked the affidavit required for a 28 U.S.C. § 144 recusal motion); see also Bernhardt v. Los Angeles Cty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

The fact that this Court presided over Mayor Caldwell's swearing-in ceremony would not lead a reasonable person to question the Court's impartiality.  See, e.g., United States v. Olis, 571 F. Supp. 2d 777, 785 (S.D. Tex. 2008) (recusal not necessary under either § 144 or § 455 standard where judge had, *inter alia*, administered the U.S. Attorney's oath of office at a public celebration); see also, e.g., United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1174 (9th Cir. 2017) ("judge's alleged 'following' of the U.S. Attorney's office on Twitter [did not] create[] an appearance of bias"); United States v. Murphy, 768 F.2d 1518, 1537-38 (7th Cir. 1985) ("Social as well as official communications among judges and lawyers" is desirable, but recusal is appropriate where a judge "was such a close friend of the prosecutor that the families of both were just about to take a joint vacation.").  Further, Plaintiffs have not identified any factual or legal error that this Court allegedly made because of the purported bias in favor of Mayor Caldwell.

To the extent it seeks recusal under § 455, the Motion for Reconsideration is denied.

As to the challenges to the 9/20/17 Order, Plaintiffs do not argue that there has been an intervening change in law. Insofar as Plaintiffs submit a declaration and four exhibits with the Motion for Reconsideration,[4] they appear to argue that reconsideration of the 9/20/17 Order is warranted based on newly-discovered evidence. Plaintiffs, however, do not attempt to argue that the declaration or exhibits are **new** evidence. Exhibits A and D are dated 2011 and 2010, respectively, and Exhibits B and C are undated. [Joint Decl., Exh. A-D.] Because Plaintiffs have not established that these exhibits were unavailable before this Court issued the 9/20/17 Order, Plaintiffs' exhibits do not constitute new evidence. Moreover, even if this Court had considered Plaintiffs' exhibits in ruling on the underlying motions, the exhibits would not have changed the outcome.

Plaintiffs next argue that they "were never given a full and fair opportunity to be heard in this case" because the Court did not hear oral argument in the matter, thus "depriv[ing] Plaintiffs] of the opportunity to argue their case before the

---

[4] The six exhibits attached to the Reply will not be considered. See Local Rule LR7.4 ("A reply must respond only to arguments raised in the opposition. Any argument raised for the first time in the reply shall be disregarded.").

Court in person." [Motion for Reconsideration at 1.] However, Plaintiffs are not entitled to oral argument. See Local Rule LR7.2(d) ("Unless specifically required, the court, in its discretion, may decide all matters, including motions, petitions, and appeals, without a hearing."). Moreover, had a hearing been conducted, its purpose would have been to hear oral argument, not to provide the parties with an opportunity to introduce new evidence or introduce new legal arguments. The matter was fully briefed by the parties, and the parties had a full and fair opportunity to introduce evidence and argument in their briefing.

Plaintiffs also suggest that reconsideration is necessary to prevent injustice. On November 22, 2016, the magistrate judge issued an order denying Plaintiffs' motion for leave to file a second amended complaint ("11/22/16 Order"). [Dkt. no. 91.] Plaintiffs assert that the 11/22/16 Order, which denied leave to amend as unnecessary, recognized the sufficiency of Plaintiffs' claim against HUD. Plaintiffs argue that it was unfair to dismiss their claim against HUD after they had been prevented from perfecting or further amending their Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"), [filed 6/6/17 (dkt. no. 47),] on the ground that the Amended Complaint already sufficiently stated a claim. [Motion for Reconsideration at 2.]

9

Plaintiffs misconstrue the 11/22/16 Order. Amendment was "unnecessary because the current complaint already alleges that the City failed to comply with the [Housing and Community Development Act ("HCDA")] when planning the Project." [11/22/16 Order at 8.] The 11/22/16 Order concluded that an amendment to include further language alleging that the **City** failed to comply with the HCDA was unnecessary. The 11/22/16 Order did **not** conclude that Plaintiffs' claim against **HUD** would survive a motion to dismiss for failure to state a claim. [Id.] Moreover, the 9/20/17 Order concluded that Plaintiffs failed to state a claim against HUD because the Amended Complaint failed to allege sufficient facts to plausibly support the conclusion that HUD had knowledge of the City's allegedly unlawful conduct. [9/20/17 Order at 36-39.] This defect would not have been cured by any amendment to include additional language alleging that the City failed to comply with the HCDA.[5] Moreover, the Motion for Reconsideration does not address the 9/20/17 Order's finding that Plaintiffs' had an adequate remedy against the City and conclusion that HUD's motion to dismiss must be granted for lack of subject matter jurisdiction. [9/20/17 Order at 33-36.]

---

[5] Plaintiffs' exhibits, [Joint Decl., Exhs. A-D,] do not relate to whether HUD had any knowledge of the City's alleged violations of the HCDA.

Plaintiffs further argue that the 9/20/17 Order misapplied the relevant law by approving reliance on an Environmental Assessment ("EA") or Environmental Impact Statement ("EIS") that is mere "'magic words' and little, or no, actual substance." [Motion for Reconsideration at 3.] This argument was already considered and rejected; the 9/20/17 Order concluded that the "City's adoption of the 12/21/09 EA was not arbitrary and capricious." [9/20/17 Order at 30-31.] Plaintiffs arguments with respect to the sufficiency of the EA and EIS thus do not constitute grounds for reconsideration. See Nat'l Union Fire Ins. Co. of Pittsburgh v. Am. Eurocopter Corp., NO. CV. 09-00136 DAE-LEK, 2009 WL 3424969, at *3 (D. Hawai`i Oct. 26, 2009) ("repetition of the same arguments does not meet the actual burden upon Plaintiff in a motion for reconsideration" (some citations omitted) (citing Backlund v. Barnhard, 778 F.2d 1386, 1388 (9th Cir. 1985)). Similarly, Plaintiffs' arguments that the City improperly manipulated the project definition were previously considered and rejected. [9/20/17 Order at 24 n.11]

Finally, Plaintiffs argue that the 9/20/17 Order fails to understand that NEPA requires assessment of environmental justice issues. [Motion for Reconsideration at 4.] However, the 9/20/17 Order concluded that the administrative record appropriately considered environmental impacts. [9/20/17 Order at 28 (citing AR 1272).] The 9/20/17 Order found that the

"City's use of scientific analysis . . . was not arbitrary, capricious, an abuse of discretion, or contrary to law." [Id. at 25.] The 9/20/17 Order also noted that Plaintiffs neither "explain the [alleged] errors in [the City's experts'] scientific analysis" nor "cite[] any [contradictory] expert testimony in the administrative record." [Id. at 24-25.] Plaintiffs claim to point out legal error when they argue that the 9/20/17 Order "applies the wrong standard" and "improperly shifts the burden to Plaintiffs" to prepare credible scientific evidence. [Motion for Reconsideration at 5.] However, the 9/20/17 Order applied the correct standard, see George v. Bay Area Rapid Transit, 577 F.3d 1005, 1011 (9th Cir. 2005) ("[T]he party challenging an agency's action as arbitrary and capricious bears the burden of proof."), and Plaintiffs have not identified any specific legal error in the analysis of the administrative record.

Plaintiffs have failed to establish any ground that warrants reconsideration of the 9/20/17 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiffs Marvin Iseke, Alice Ubando, and Shirley Ann Lessary's Motion to Reconsider Court's September 20, 2017 Order, filed October 5, 2017, is HEREBY DENIED. The Clerk's Office is DIRECTED to enter final judgment and close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 29, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARVIN ISEKE, ET AL. VS. CITY & CTY. OF HONOLULU, ET AL.;
CIVIL 15-00193 LEK-RLP; ORDER DENYING PLAINTIFFS' MOTION TO
RECONSIDER COURT'S SEPTEMBER 20, 2017 ORDER**